38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Annette EDWARDS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3377.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1994.
 
 Before: LIVELY, JONES and SILER, Circuit Judges.
 
 ORDER
 
 1
 Annette Edwards appeals a district court judgment affirming the Secretary's denial of her application for supplemental security income benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Edwards filed an application for supplemental security income benefits alleging that she suffered from hypertension, diabetes, a herniated disc, pain, glaucoma, headaches, degenerative disc disease, and depression. Following a hearing, an administrative law judge (ALJ) determined that Edwards was not disabled because she had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined review of the ALJ's determination.
 
 
 3
 Edwards then filed a complaint seeking review of the Secretary's decision. The parties consented to have the case heard before a magistrate judge who subsequently affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 4
 Upon review, we determine that substantial evidence does not exist to support the Secretary's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Edwards contends that the Secretary erred by rejecting the opinions of her treating physicians. A treating physician's opinion is afforded more weight than the opinion of a physician employed by the government. However, the ultimate determination of disability rests with the Secretary, not with the treating doctor. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). Even though an ALJ is not bound by the treating physician's opinion, he must set forth in his decision the reasons for rejecting the opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987). Consultative examinations done on a one time basis are not substantial evidence compared to the evidence from a treating physician. Hurst v. Schweiker, 725 F.2d 53, 55 (6th Cir.1984) (per curiam). The opinion of a doctor who is not a treating physician and who testified to his opinion after a review of the record, rather than after a course of treating the claimant, is entitled to less weight than the opinions of doctors who have examined and treated the claimant over a period of time. Sherrill v. Secretary of Health and Human Servs., 757 F.2d 803, 805 (6th Cir.1985) (per curiam).
 
 
 6
 The evidence in the record establishes that all treating and consultative physicians agree that Edwards' physical and mental conditions prevent her from being gainfully employed. These opinions are supported by objective medical evidence in the record. The only opinion which supports the Secretary's decision is that of Dr. John Conomy, a medical expert, who testified at the administrative hearing. Dr. Conomy never examined Edwards, but merely reviewed the medical evidence in the record to obtain his opinion. Given the overwhelming amount of evidence which establishes that Edwards is disabled and the little weight afforded Dr. Conomy's opinion, see Sherrill, 757 F.2d at 805, we conclude that the Secretary's decision is not supported by substantial evidence.
 
 
 7
 Accordingly, we vacate the district court's judgment and remand the case to the district court with instructions to order the award of benefits to Edwards.